J-S55002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KIYIEM HAGWOOD | |
| Appellant | No. 1871 EDA 2015 |

Appeal from the PCRA Order May 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0701822-2006

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED JULY 1, 2016.**

Kiyiem Hagwood appeals from the trial court's order dismissing his petition[1] filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  In 2008, Hagwood was convicted of second-degree murder and related offenses in connection with the shooting death of Andrew Rivera. At the time of the offenses, Hagwood was seventeen years old.  Hagwood was sentenced to life in prison without the possibility of parole.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Hagwood's *pro se* petition was timely filed as his judgment of sentence became final on April 25, 2011.  **See** 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13.  Therefore, Hagwood had until April 25, 2012 to file his petition. Instantly, he filed his *pro se* petition on September 8, 2011, which he later amended on November 17, 2011 and August 21, 2012.  Appointed counsel filed an amended petition on July 24, 2014.  In the July 2014 petition, Hagwood raised the **Miller** issue.

On appeal, Hagwood argues that the PCRA court erred in determining that he is not eligible for resentencing based on *Miller v. Alabama*, 132 S. Ct. 2455 (2012). In *Miller*, the United States Supreme Court concluded that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* at 2464. In light of the U.S. Supreme Court's recent decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) (as revised Jan. 27, 2016), which held that *Miller* must be applied retroactively, we reverse and remand. *See Commonwealth v. Secreti*, 134 A.3d 77 (Pa. Super. 2016) (interpreting *Montgomery* as making retroactivity under *Miller* effective as of the date of the *Miller* decision).

Order reversed. Case remanded for resentencing.[2] Jurisdiction relinquished.[3]

_____

[2] The Commonwealth does not oppose a remand limited to resentencing. Appellee's Brief, at 2.

[3] We note that at the time the PCRA court ruled upon Hagwood's petition, *Montgomery* had not yet been decided. Thus, the court ruled in accordance with the prevailing law at the time which was that the *Miller* holding does not apply retroactively to an inmate, serving a life sentence without parole, who has exhausted his direct appeal rights and is proceeding under the PCRA. *See Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2016